**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Urian, a single man, | No. CV-11-1136-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Allstate Property & Casualty Insurance Company, | |
| Defendant. | |

The parties have submitted a Stipulation for Confidentiality Agreement regarding confidentiality that calls for discovery materials to be kept confidential by the parties and for confidential documents to be filed with the Court under seal. (Doc. 29.) The proposed order fails to take into account Ninth Circuit law restricting the circumstances under which confidentiality orders may be entered and documents in the Court's file may be sealed.

Two standards are relevant. "First, a 'compelling reasons' standard applies to [the sealing of] most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.' To limit this common law right of access, a party seeking to seal judicial records must show that 'compelling reasons supported

1 by specific factual findings outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178) (alteration and internal citations omitted).

The second standard applies to discovery materials. "'Private materials unearthed during discovery' are not part of the judicial record." *Id.* (quoting *Kamakana*, 447 F.3d at 1180) (alteration omitted). The "good cause" standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure applies to orders rendering this category of documents confidential. *See id.*; *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown.") (citations omitted).

The good cause standard also applies to the sealed filing of documents attached to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *see Pintos*, 565 F.3d at 677-78. Documents attached to dispositive motions such as motions for summary judgment, however, are governed by the compelling reasons standard. *See San Jose Mercury News*, 187 F.3d at 1102; *Foltz*, 331 F.3d at 1136. The parties do not establish good cause or compelling reasons merely by stipulating that documents may be filed under seal.

The parties may submit a revised proposed order that takes into account these standards. The stipulation or motion seeking entry of the order should show good cause for a confidentiality order governing discovery materials. The proposed order should also reflect the fact that any party seeking to file documents under seal must show good cause for documents attached to non-dispositive motions or compelling reasons for documents attached to dispositive motions. Therefore,

/ / /

**IT IS HEREBY ORDERED** denying the Stipulation for Confidentiality Agreement (Doc. 29) without prejudice.

DATED this 24th day of August, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge